IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW NATHANIEL BINGHAM, | Civil No. 3:23-cv-1357 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SHAWN HARNER, BERNARD WOJCIECHOWSKI, CHRIS GORKI, JUSTIN GIBBONS, LIEUTENANT DAVIS, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Andrew Nathaniel Bingham ("Bingham"), an inmate who was housed at all relevant times at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Correctional Officer Harner, Correctional Officer Wojciechowski, Correctional Officer Gorki, Sergeant Gibbons, and Lieutenant Davis. Presently before the Court is Defendants' motion (Doc. 11) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion will be granted in part and denied in part, and Bingham will be granted leave to amend one claim as set forth below.

**I.     Allegations of the Complaint**

On August 26, 2021, while housed at SCI-Mahanoy, Bingham noticed that security was approaching his housing block, so he started flushing contraband down the toilet in his

cell. (Doc. 1 ¶¶ 1-4). Defendant Harner ordered Bingham to stop flushing the toilet. (*Id.* ¶ 6). Bingham "ignored the direct order" and continued to flush contraband down the toilet. (*Id.* ¶ 7). Defendant Harner then allegedly rushed towards Bingham, grabbed him by the throat and choked him. (*Id.* ¶ 8). Bingham asserts that he broke "Harner[']s hold on his throat" and pushed Harner towards the door. (*Id.* ¶ 9). Defendant Harner stumbled and fell backwards. (*Id.* ¶ 10). In response, Bingham alleges that Defendants Wojciechowski and Gorki entered the cell and pushed Harner towards him. (*Id.* ¶ 12). Defendant Harner allegedly grabbed Bingham by the shoulders and pushed him to the back of the cell causing him to fall. (*Id.* ¶ 13). Bingham maintains that no direct orders were given at this time, and he was not resisting. (*Id.* ¶ 14). Bingham claims that Defendant Wojciechowski punched him several times in the face, head, and nose and Defendant Gorki pushed his face on the ground. (*Id.* ¶¶ 15, 19). Bingham was choking on blood and allegedly stated that he could not breathe. (*Id.* ¶ 20).

Defendant Davis then instructed Harner, Wojciechowski, and Gorki to roll Bingham onto his side. (*Id.* ¶ 21). Defendants Harner, Wojciechowski, and Gorki complied, Bingham was stood up and escorted to medical. (*Id.* ¶¶ 21-22). Bingham asserts that Defendant Gibbons assisted in the escort and verbally threatened him. (*Id.* ¶¶ 24-26, 29). Bingham avers that he was escorted to medical without incident and provided a statement on camera. (*Id.* ¶ 30). As a result of the altercation, Bingham alleges that he suffered a

fractured nose, concussion, and laceration above his eye and was treated at Lehigh Valley East Hospital. (*Id.* ¶¶ 34-35).

## II. Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

3

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

III. **Discussion**

Defendants move to dismiss the complaint on the following grounds: (1) the Eighth Amendment excessive force claim must be dismissed because Bingham refused to comply

4

with verbal orders and posed a threat to the correctional officers; and (2) the Eighth Amendment failure to intervene claim against Sergeant Gibbons and Lieutenant Davis must be dismissed because they did not have a reasonable opportunity to intervene. (*See* Doc. 12).

### A.   Eighth Amendment Claims

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *See Wharton v. Danberg*, 854 F.3d 234, 247 (3d Cir. 2017). There are several types of Eighth Amendment claims, including claims alleging: denial of, or inadequate access to, medical care; exposure to adverse conditions of confinement; the use of excessive force; and failure to protect from assaults by other inmates. An Eighth Amendment claim includes both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Under the objective prong, the court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson*, 501 U.S. at 298). However, "[w]hat is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298.

### *1.   Excessive Force Claim*

Bingham claims excessive force in violation of the Eighth Amendment against Correctional Officers Harner, Wojciechowski, and Gorki. The Third Circuit Court of Appeals identified "the pivotal inquiry in reviewing an inmate's § 1983 claim for excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002), *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000)). "In conducting this analysis of the officer's intent, [the Court] consider[s] five factors: '(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.'" *Id.* (quoting *Brooks*, 204 F.3d at 106).

Bingham alleges that he was flushing contraband down the toilet in his cell when Defendant Harner gave him a direct order to "stop flushing the toilet." (Doc. 1 ¶ 6). Bingham admittedly "ignored the direct order" and continued flushing the contraband. (*Id.* ¶ 7). Defendant Harner then allegedly rushed towards Bingham and choked him. (*Id.* ¶ 8). In response, Bingham pushed Harner back causing him to fall. (*Id.* ¶¶ 9-10). Defendants Wojciechowski and Gorki then pushed Harner towards Bingham causing him to fall. (*Id.* ¶¶

6

12-13). Bingham maintains that, at this point, no direct orders were given, and he was not resisting. (*Id.* ¶ 14). Bingham alleges that Defendant Wojciechowski proceeded to punch him in the face, head, and nose, he was slammed on the ground, and Defendant Gorki pushed his face on the ground. (*Id.* ¶¶ 15, 18-19). As a result of this altercation, Bingham asserts that he was transported to an outside hospital and suffered a fractured nose, concussion, and laceration above his eye. (*Id.* ¶¶ 34-35).

Applying *Smith*, and construing the allegations liberally, Bingham has adequately alleged that Defendants Harner, Wojciechowski, and Gorki Officers used excessive force against him. With respect to the first and second factors, ignoring a direct order may justify the need for application of force. However, Bingham alleges the Officers punched him and slammed on the ground causing injuries to his head and face, satisfying the third *Smith* element. The facts as alleged do suggest that Bingham's failure to obey a direct order created a "threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them." But the Court infers from the force used, particularly the allegations of punching, choking, and slamming Bingham onto the ground, that the Officers did not attempt to "temper the severity of the forceful response," satisfying the fifth *Smith* factor. Whether Defendants' use of force was objectively reasonable and the precise roles each Defendant played will be borne out with a developed factual record. Thus, in accepting as true all factual allegations set forth in the complaint, the Court

concludes that Bingham has adequately stated an Eighth Amendment claim sufficient to withstand scrutiny on a Rule 12(b) motion. The motion to dismiss this claim will be denied.

### 2. Failure to Intervene Claim

Bingham alleges that Sergeant Gibbons and Lieutenant Davis failed to intervene on his behalf during the assault. (Doc. 1, p. 8). To prevail on a failure to intervene claim, a plaintiff must show: "(1) that the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a 'realistic and reasonable opportunity to intervene.'" *Knight v. Walton*, No. 2:12-CV-984, 2014 WL 1316115, at *8 (W.D. Pa. Mar. 28, 2014) (quoting *Smith*, 293 F.3d at 651) (citation omitted). The Third Circuit Court of Appeals has held that a corrections officer who fails to intervene when other officers are beating an inmate may be liable on a failure-to-protect claim if the officer had "a realistic and reasonable opportunity to intervene" and "simply refused to do so." *Smith*, 293 F.3d at 650-51.

Immediately after the altercation, Bingham alleges that Defendant Davis approached his cell and instructed Harner, Wojciechowski, and Gorki to roll Bingham on his side. (Doc. 1 ¶ 21). Defendants Harner, Wojciechowski, and Gorki complied with the order and Bingham was stood up and escorted to medical. (*Id.* ¶¶ 21-22). Bingham alleges that Defendant Gibbons "was assisting in the escort." (*Id.* ¶ 24). Bingham does not allege that Defendants Davis or Gibbons witnessed the attack and either encouraged or did nothing to

8

stop it from occurring. Nowhere in the complaint does Bingham allege that Defendants Davis and Gibbons were present during the initial interaction. (*See generally* Doc. 1).

Regarding Defendant Davis, Bingham alleges that he "did show inaction such as failure to act against officers with records of misusing force which led to excessive force being used against Plaintiff, based on history of inadequate training and inadequate investigation of previous complaints." (Doc. 1, p. 8).

A supervisor is liable under § 1983 "if he or she implements a policy or practice that creates an unreasonable risk that a subordinate will perpetrate a constitutional violation, provided that the supervisor's failure to change the policy or employ corrective practices actually causes the subordinate to violate a person's constitutional rights." *Douglas v. Brookville Area Sch. Dist.*, 836 F.Supp.2d 329, 354-55 (W.D. Pa. 2011) (internal quotations omitted) (citing *Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011)). To hold a supervisor liable because his or her policies or practices led to a constitutional violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and must allege facts from which it can reasonably be inferred that: (1) the existing policy or practice created an unreasonable risk of constitutional injury; (2) the supervisor was aware of that risk; (3) the supervisor was deliberately indifferent to that risk; and (4) constitutional injury resulted from the policy or practice. *Beers-Capitol v.Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).

Here, Bingham does not identify any policy employed by Defendant Davis. In a conclusory fashion, Bingham alleges that there is a "history of inadequate training." (Doc. 1, p. 8). This bare allegation is insufficient to satisfy the *Beers-Capitol* test and Bingham does not allege sufficient facts to establish a failure to intervene claim.

The Court will dismiss this Eighth Amendment claim without prejudice and with leave to amend in order to allege sufficient facts related to the failure to intervene claim against Davis and Gibbons.

## IV.   Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Bingham will be granted leave to amend his Eighth Amendment failure to intervene claim against Defendants Davis and Gibbons.

## V. Conclusion

Defendants' motion (Doc. 11) to dismiss will be granted in part and denied in part. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 5, 2024

11